UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| DONNELL J. CUFFEE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:24-CV-354-REW |
| | ) | |
| v. | ) | |
| | ) | |
| PUBLIC DEFENDER BEN CABUAY, *et al.*, | ) | OPINION AND ORDER |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Plaintiff Donnell J. Cuffee has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. *See* DE 1 (Complaint). The Court has granted Cuffee *pauper* status. *See* DE 6 (Order). The Court screens the complaint for claim viability pursuant to 28 U.S.C. § 1915(e)(2). *See Hill v. Lappin*, 630 F. 3d 468, 470–71 (6th Cir. 2010).

In May 2024, Cuffee was arrested and charged with stealing several vehicles by towing them without the owners' consent.[1] Those charges remain pending. In his complaint, Cuffee contends that: (1) the Lexington Police Department violated his rights under the Fourth Amendment by searching his cell phone without a search warrant; (2) complainant Zephaniah Romans lied to police by telling them that Cuffee had stolen his car; and (3) Ben Cabuay, the public defender assigned to represent Cuffee, is providing poor representation and ignoring Cuffee's calls. *See* DE 1 at 2–3. Cuffee requests monetary damages and the dismissal of all charges against him. *See id*. at 8.

---

[1] *See* KYeCourts, https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=034&court=1&division =DI&caseNumber=24-F-01207&caseTypeCode=FE&client_id=0 (accessed Dec. 27, 2024).

Were it not for more fundamental defects, Cuffee's complaint would be subject to dismissal without prejudice. Cuffee cannot seek dismissal of pending state criminal charges in a civil rights proceeding; after exhausting state court remedies, he must seek relief through a petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 93 S. Ct. 1827, 1835–38 (1973). And the Court would be comity-bound to dismiss his claims for damages without prejudice to avoid interference with the pending state criminal proceedings against him. *See Younger v. Harris*, 91 S. Ct. 746, 750–51 (1971).

But the Court must dismiss Cuffee's claims against the named defendants *with* prejudice. Cuffee sues the "Lexington Police Department" for asserted Fourth Amendment violations. The Lexington Police Department is merely an administrative department of the Lexington-Fayette Urban County Government; it is not an independent legal entity that can be sued. *Cf. Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (holding county jail is a "department of the county" and "not a legal entity susceptible to suit"); *Marbry v. Corr. Med. Serv.*, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (*citing Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)) (holding that the Shelby County Jail is not subject to suit under § 1983). Further, Cuffee cannot sue complaining witness Romans or public defender Cabuay under Section 1983 for violating his civil rights because neither person allegedly acted under color of state law. *See Briscoe v. Lahue*, 103 S. Ct. 1108, 1112–13 (1983); *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009) ("Providing information to the police, responding to questions about a crime, and offering witness testimony at a criminal trial does not expose a private individual to liability for actions taken 'under color of law.'"); *see also Polk Cnty. v. Dodson*, 102 S. Ct. 445, 453 (1981) ("A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F.

2

App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). The Court must therefore dismiss the claims against all three of these defendants.

Accordingly, the Court **ORDERS** as follows:

1. The Court **DISMISSES** DE 1 with prejudice;

2. The Court **DIRECTS** the Clerk to **STRIKE** this matter from the active docket; and

3. The Court will enter a separate judgment contemporaneously with this Opinion and Order.

This the 27th day of December, 2024.

Signed By:
*Robert E. Wier*
United States District Judge